IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

LAWRENCE DOBY WILSON, aka AMIN
A. RASHID,

Defendant.

Case No. 3:80-cr-00082-MA

**ORDER**

**MARSH, Judge.**

Defendant, a federal prisoner confined at FCI Elkton, brings this proceeding pursuant to 28

U.S.C. § 1651, seeking a writ of *coram nobis* vacating his 1980 conviction for Interstate

Transportation of Money taken by Fraud. For the reasons set forth below, this Court denies

Defendant's Petition (ECF No. 188).

## DISCUSSION

In 1980, Defendant was convicted of Interstate Transportation of Money taken by Fraud.

*United States v. Wilson*, 915 F.2d 1582, at *1 (9th Cir. 1990). By 1993, Petitioner had filed a direct

appeal and multiple motions to vacate his sentence pursuant to 28 U.S.C. § 2255, all of which were

Page 1 – ORDER

denied. *See Wilson*, 915 F.2d 1582, at *1; *United States v. Wilson*, 45 F.3d 438, at *1 (9th Cir.

1994). Defendant subsequently filed two additional § 2255 motions, a motion for relief from

judgment pursuant to Fed. R. Civ. P. 60(b)(6), and a petition for a writ of *coram nobis*, all of which

were denied. *See United States v. Wilson*, No. 3:80-cr-00082-MA, Orders (ECF Nos. 110, 139,

153, 177).[1]

In the instant proceeding, Defendant again seeks a writ of *coram nobis* on the basis that (1)

he is actually innocent "given the fact that the Government failed to prove that he 'fraudulently'

obtained money in the amount of Five Thousand Dollars . . . or more and then took the proceeds or

caused the proceeds obtained by 'fraud' to be transported" in interstate commerce; and (2) he was

"denied his procedural due process right to an accurate transcript on appeal resulting in the

Appeals Court 'mistakenly' affirming his conviction on the belief that he was convicted of the

'fraud' that was necessary to sustain his . . . conviction." Def's Pet. for Writ of *Coram Nobis* (ECF

No. 188) at 1, 6-8.

Defendant's claims could have been raised in a prior § 2255 proceeding. It is well settled

that a federal prisoner may not challenge his conviction or sentence by way of a common law writ

under 28 U.S.C. § 1651 to avoid the limitations placed on successive § 2255 motions. *United

States v. Valdez-Pacheco*, 237 F.3d 1077, 1079-80 (9th Cir. 2000); *Carrington v. United States*,

503 F.3d 888, 890 (9th Cir. 2007) (holding that the rule limiting second or successive § 2255

motions does not create a "gap" that can be filled by a common law writ). Accordingly, this Court

---

[1] In 2011, Defendant was convicted of nine counts of mail fraud and eight counts of aggravated
identity theft in the U.S. District Court for the Eastern District of Pennsylvania. *See Rashid v.
Warden Philadelphia FDC*, 666 F. App'x 96, 97 (3rd Cir. 2016); *In re Amin A. Rashid*, 628 F.
App'x 158, 158 (3rd Cir. 2016). Defendant's Oregon conviction was used to enhance his
Philadelphia convictions. *Rashid*, 666 F. App'x at 97. He currently is serving a 240-month term of
imprisonment with a projected release date of July 19, 2027.

Page 2 – ORDER

denies Defendant's Petition for Writ of *Coram Nobis*.

## CONCLUSION

Based on the foregoing, this Court DENIES Defendant's Petition for Writ of *Coram Nobis* (ECF No. 188). To the extent that Defendant's Petition is properly construed as a successive § 2255 motion, this Court DENIES a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this _6_ day of February, 2019.

Malcolm F. Marsh
United States District Judge